945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bruce WILLIAMS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3127.
 United States Court of Appeals, Federal Circuit.
 Sept. 5, 1991.
 
 Before PAULINE NEWMAN, ARCHER and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Bruce R. Williams appeals from the decision of the Merit Systems Protection Board, Docket No. NY831E9010239, dismissing his appeal as untimely filed. We affirm.
 
 OPINION
 
 2
 The record shows the following sequence of events. On February 14, 1984 Mr. Williams, then employed by the New York Postal Data Center ("NYPDC"), submitted an Application for Disability Retirement. Receipt was acknowledged by the Office of Personnel Management on April 2, 1984. Mr. Williams states that he received no further response to his application until May 9, 1985, thirteen months later, when he received from the NYPDC a copy of a letter purportedly mailed by OPM to his home address on June 25, 1984, disallowing his application. Thirteen days after receiving this document, Mr. Williams, on May 22, 1985, requested reconsideration by OPM. OPM advised Mr. Williams, by letter of June 12, 1985, that his request for reconsideration was untimely and that he was invited to submit evidence explaining the apparent delay in requesting reconsideration. Mr. Williams responded by letter of June 21, 1985, explaining that he had not received OPM's letter of disallowance until May 9, 1985. OPM did not respond until about ten months later, on April 14, 1986, when it informed Mr. Williams that he was eligible for waiver of the time limit, and that he would be notified in writing when a determination had been made on his request for reconsideration.
 
 
 3
 After waiting six more months without receiving a reconsidered decision from OPM, Mr. Williams contacted his Congressman, who inquired as to the status of Mr. Williams' case. The Postal Service, on November 26, 1986, responded that it could not comment on the case because it was currently the subject of an appeal to this court. Mr. Williams states that no such appeal from denial of his disability retirement application was pending. The MSPB found that an appeal involving Mr. Williams was pending during this time on a different matter.
 
 
 4
 Upon passage of an additional six months, in May, 1987 Mr. Williams sought assistance from Senators D'Amato and Moynihan. On about July 1, 1987 Mr. Williams received a letter from Senator D'Amato's office enclosing a copy of a letter from OPM to Mr. Williams dated May 20, 1987, referring to a final decision of OPM dated April 30, 1986, denying Mr. Williams' application. The May 20, 1987 letter stated that the time for appeal to the MSPB was extended for twenty days. Mr. Williams states that by the time he received the copies of this correspondence from Senator D'Amato the twenty-day extension had expired. Mr. Williams states that he had not received either the April 30, 1986 decision letter or the May 20, 1987 letter, and that neither letter reflected that they had been sent by certified mail, the usual procedure of OPM. No certified mail receipts for this correspondence appear in the record, and OPM did not dispute this charge.
 
 
 5
 More than two years later, in October, 1989, Mr. Williams consulted counsel. Thereafter, on January 10, 1990, Mr. Williams wrote to OPM requesting reconsideration of the April 30, 1986 decision. On February 21, 1990 OPM denied this request, stating that the April 30, 1986 decision was its final decision on the merits. Mr. Williams appealed to the MSPB which dismissed the appeal because Mr. Williams had not shown just cause for the delay between his receipt in July 1987 of OPM's decision letter and his filing of the appeal. Mr. Williams appeals to this court, asking that this delay be excused in view of the circumstances.
 
 
 6
 Mr. Williams explains that had he filed an appeal immediately after receiving OPM's decision through Senator D'Amato in July, 1987, the appeal would have been rejected as untimely, for the twenty day extension had already expired. He points to OPM's past history of delay and malfeasance in reviewing his case. Mr. Williams states that when he eventually obtained a currently dated letter from OPM, he filed a prompt appeal. He argues that the February 21, 1990 letter of OPM refusing to reconsider its earlier decision was the first official communication he received directly from OPM, and that he could not appeal until he had this 1990 letter to appeal from. This 1990 letter, however, was not a decision letter on the application for disability retirement; that letter had been received in July 1987. Thus the MSPB did not consider this to be an acceptable basis for excusing the delay since 1987.
 
 
 7
 Congress has strictly limited our review of appeals from the MSPB. We may reverse the Board only if its ruling is arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Covington v. Dept. of Health and Human Serv., 750 F.2d 937, 941 (Fed.Cir.1984). The Board held that Mr. Williams' delay of more than two years, from July, 1987 to January, 1990 before taking any further action, was not reasonable or justified. The Board's holding that this prolonged period of inaction was not satisfactorily explained does not constitute reversible error. We conclude that the Board did not err in law, or abuse its discretionary authority, or rule in an arbitrary or capricious manner, in dismissing the appeal as untimely.